**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1556**

IRYNA SANKO,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 20, 2009        Decided:  June 8, 2009

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Serghei Potorac, Falls Church, Virginia, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Daniel E. Goldman, Brianne Whelan Cohen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Iryna Sanko, a native and citizen of Belarus, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal of the immigration judge's order denying her application for asylum and withholding of removal.[*] Sanko challenges the Board's finding that she failed to establish that the discrimination she faced in Belarus on account of her religious beliefs rose to the level of persecution, or that she has a well-founded fear of future persecution if she is returned to Belarus. For the reasons set forth below, we deny the petition for review.

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the ruling that Sanko failed to submit sufficient corroboration to establish her claim of past persecution or a well-founded fear of future persecution, as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2008) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502

---

[*] Sanko did not appeal to the Board the immigration judge's denial of her application for protection under the Convention Against Torture. To the extent she seeks to raise the issue in this court, we lack jurisdiction to review this claim in the absence of administrative exhaustion. 8 U.S.C. § 1252(d)(1) (2006).

U.S. 478, 483 (1992) (same).  Moreover, as Sanko cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal.  <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2006)].").

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3